JOHN L. SULLIVAN, PLAINTIFF-APPELLANT, v. LAW-
RENCE LAFRADE AND WILLIAM BAYS, DEFENDANTS-
RESPONDENTS.

Submitted January 31, 1936—Decided June 26, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and
DONGES.

For the appellant, *Alfred Brenner*.

For the respondents, *Charles A. Rooney*.

LLOYD, J. There was a nonsuit in the court below and the
plaintiff appeals. The action was one to recover damages
through a fall alleged to have been due to the negligence of
the defendants in closing the door of a bus that he was about
to enter and, as alleged in the complaint, propelling the bus
"in a forward movement in a jerky, sudden, violent manner
while the plaintiff was attempting to board it."

There was no proof that the bus was started forward in a
"jerky, sudden and violent manner." It could be inferred
from the testimony, however, that plaintiff was one of three
men waiting for the bus at a street corner; that the bus
stopped, the door opened and the other two men entered.
While plaintiff's testimony was somewhat confused as to his
own actions and the subsequent movement of the bus, it was
open to the jury to find from this and the testimony of
another witness that the bus with the door still open, started

forward as the plaintiff was entering it, and that he was thrown to the ground in consequence. From this it was also open to the jury to find that the operation of the bus was negligent in that it was prematurely started. It is as much the duty of a public carrier of passengers to afford reasonable opportunity to board the vehicle being used as it is its duty to properly operate that vehicle while in motion. In this situation it was not necessary under either the complaint or the proofs to establish that the method of starting was either jerky, sudden or violent. If it appeared as we think it might fairly be found that it did, that the bus was "propelled forward" while plaintiff was attempting to board it, the further allegation of the complaint was not essential to prove negligence, and could be disregarded.

The judgment is reversed, to the end that a new trial may be had.